UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DEBRA HARDY,

   Plaintiff,

v.                 608CV086

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

   Defendant.

## ORDER

Plaintiff Debra Hardy filed this action claiming that she was improperly denied disability benefits under the Social Security Act, 42 U.S.C. §§ 1383(c)(3) & 423(b)(1)(A). Doc. # 1. Upon review of Hardy's complaint, the Commissioner of Social Security (Commissioner) informed this Court that a new hearing should be held and requested that the Court remand the case to the Commissioner for further action. Doc. # 11. The Court remanded the case. Doc. # 12. Hardy now moves for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Doc. # 14.

The EAJA requires the Court to award attorney's fees to any party prevailing in litigation against the United States unless the Court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). The burden is on the Commissioner to demonstrate that his position was substantially justified. *Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir. 1987). The Commissioner has made no attempt to satisfy that burden, and his request for remand creates an inference that the denial of benefits by the Social Security Administration was not justified.

Plaintiff requests $1,474.30 in fees based on 8.7 hours of work in 2008 at an hourly rate of $169.46 on this civil action. Doc. # 14 at 3. The EAJA provides that the hourly rate for attorney's fees shall not exceed $125 per hour adjusted for inflation. 28 U.S.C. § 2412(d)(2)(A). The requested rate does not exceed the inflation-adjusted rate cap. Furthermore, the Court has reviewed the charges submitted by Hardy's attorney, and finds that they are reasonable.

The Eleventh Circuit has held that the EAJA directs that an award of attorney's fees go to the plaintiff, and not to the plaintiff's attorney. *Reeves v. Barnhart*, 526 F.3d 732, 738 (11th Cir. 2008). However, Hardy has consented to having the attorney's fees paid directly to counsel. Doc. # 14-4 at 1. Thus, the Court will follow the common practice of allowing payment to be made directly to counsel when an assignment of benefits has been included with counsel's petition. *See Harrell v. Astrue*, 2009 WL 259725, at *1 n. 1 (N.D. Fla. 2/4/09); *Tisdale v. Astrue*, 2008 WL 4773180, at *1 (M.D. Fla. 10/28/08).

The Court *GRANTS* plaintiff's motion for attorney's fees and costs under the EAJA in the amount of **$1,474.30**. Doc. # 14. This award shall be paid directly to counsel.

This 16th day of June 2009.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA